[S. F. No. 1432.   Department Two.—December 19, 1898.]

ALFRED CLARKE, Administrator, etc., Appellant, v. PO-
LICE AND HEALTH INSURANCE BOARD, Respond-
ent.

POLICE INSURANCE FUND—REPEAL OF STATUTE—CHANGE OF FUND—CON-
STITUTIONAL LAW.—Section 13 of the act of March 4. 1889, providing
that the life insurance and pension fund established under the
act of April 1, 1878, providing for a police life and health insur-
ance fund, should be merged with, paid into, and constitute
part of the fund created under the provisions of the later act,
repealed the act of 1878 by implication; and such repeal was not
unconstitutional upon any ground.

ID.—CONTRACT OF STATE WITH POLICE OFFICER—POWER OF LEGISLATURE.
A member of the police department has no contract with the
state under an act creating a life and health insurance fund,
which he can assert against the legislative will; but he accepts
the office with the understanding that the legislature may mod-
ify or amend all laws providing for his compensation during the
term.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Alfred Clarke, for Appellant.

Harry T. Creswell, City and County Attorney, and W. I. Bro-
beck, Assistant, for Respondent.

TEMPLE, J.—This appeal is from the judgment of the Supe-
rior Court refusing a writ of mandate, entered on sustaining a
demurrer to the petition.

From this petition, or complaint, it appears that plaintiff, as
administrator of one Joseph Maguire, sought to compel the
board to pay one thousand dollars out of the funds as insurance
upon the life of said Maguire.   Maguire became a member of the
police department of San Francisco on the tenth day of Febru-
ary, 1889, and continued to be a member until the tenth of No-
vember, 1895, when he died.

The claim is made under the provisions of an act of the leg-
islature, passed April 1, 1878 (Stat. 1877-78, page 879), which

made provision for a police life and health insurance fund, and which also provided that upon the death of any member of the police force after the first day of June, 1878, there should be paid from such fund to his legal representatives one thousand dollars.

On the fourth day of March, 1889, the legislature passed another act, entitled an act to create a police relief, health, and life insurance and pension fund in the several counties, cities, and towns in this state. By section 13 of that act it was provided that any such fund as that provided in the law of 1878 should be merged with, paid into and constitute a part of the fund created under the provisions of the later act.

Appellant contends that section 13 of the act of 1889, which is the section which contains the provision above set out, is unconstitutional and void, for many reasons, the most important being that: 1. The first statute amounted to a contract of life insurance with the members of the police department, and the later act, if valid, would impair the obligations of the contract. 2. The title of the later act is not sufficiently comprehensive to include section 13. The purpose is not stated in the title. 3. It is special and local legislation. 4. In many ways it violates the prohibitions contained in section 25 of article IV of the constitution of the state; and 5. It revises or amends the law of 1878 in a mode not warranted by section 24 of article 1 of the constitution.

Counsel also claim that the deceased was entitled to a surrender value of his alleged policy of insurance. I do not think he would have any such right even if the earlier statute had not been repealed, but conceding that his representative can make such claim, his alleged rights would rest upon the same legal propositions as his claim to the insurance. In either event, to be entitled to any consideration as a claimant to any part of the fund he must have had a contract which legislation could not impair. All the other questions could as well be made under one claim as the other.

The act of 1889 took effect long before the death of Maguire, and, if valid, there was at the time of his death no fund from which he could be paid.

*Pennie v. Reis*, 80 Cal. 266, was the same in all essential respects as the case at bar.

It was there held that the later act did repeal the act of 1878 by implication, and did affect a merger of the insurance fund created by the first act with the fund created by the later act; that the act did not violate the constitution of the United States, because the member of the police department had no contract which he could assert against the legislative will. The office was accepted with the distinct understanding that the legislature may modify or amend all laws providing for his compensation during the term.

The other points raised here were also determined adversely to the contention of appellant. The points and objections to the act of 1889 were presented in a different manner, but they are really the same objections.

The case of *Pennie v. Reis, supra,* was taken by writ of error to the supreme court of the United States, and all questions raised under the limitations imposed by the constitution of the United States were determined in accordance with the conclusion of the state court. The main question was again determined by this court in *Clarke v. Reis,* 87 Cal. 543.

Under the circumstances, we do not feel that it is incumbent upon us to restate the argument against the appellant. Upon a careful review of the case and the authorities we are content with the former rulings.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.