[No. 9.   First Appellate District.—August 29, 1905.]

## MARGARET J. NICOLS, Appellant, v. BOARD OF POLICE PENSION FUND COMMISSIONERS, etc., Respondents.

Police Pension Fund—Trust—Claim of Widow—Running of Statute of Limitations.—The police pension fund authorized by the act of March 4, 1889, is not characterized in any of the provisions for its creation or management with the elements of a trust; and the statute of limitations begins to run against the claim of a widow of a deceased police officer from the date of his death, and where she failed for more than five years thereafter to present her claim it is barred by the statute of limitations.

Id.—Time for Presentation of Claim.—It is not an unreasonable inference from the provision of section 14 of the act that on the last day of June of each year all surplus of said fund exceeding the average amount per year paid out on account thereof during the three years next preceding should be transferred to and become part of the general fund of the city and county and ''no longer under the control of the board or subject to its order,'' that it was the intention of the legislature that all claims against the fund should be presented within one year after the right to receive such payment had accrued.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

William M. Madden, for Appellant.

Percy V. Long, City and County Attorney, for Respondents.

HARRISON, P. J.—Mandate.

The petitioner alleges that Watson Nicols, now deceased, was appointed a police officer and member of the police department of the city and county of San Francisco June 9, 1871, and from that time continuously and duly served as a regular officer in active service in said department until he was retired from active service as hereinafter stated, and was a member of the said police department continuously from the time of said retirement until his death; that in Sep-

tember, 1889, while serving as a policeman in said city and county, he became physically disabled while in, and in consequence of, the performance of his duty as such policeman, and that on September 30, 1889, the defendants, under and in pursuance of the provisions of the act of March 4, 1889, (Stats. 1889, p. 56), duly and regularly retired him from active service, and placed him upon the police relief and pension-roll of said police department, and granted him a pension from the police relief and pension fund created under the provisions of said act, of $57.50 per month from the first day of October, 1889, and that he received the said pension from that time until his death; that the petitioner and the said Watson Nicols intermarried July 17, 1883, and from that date continuously to the time of his death were husband and wife; that said Watson Nicols died in the city and county of San Francisco January 29, 1890, from natural causes, leaving the petitioner as his surviving widow; that as his widow she is entitled under the provisions of the aforesaid act of March 4, 1889, to the sum of one thousand dollars from the aforesaid police relief and pension fund; that on March 22, 1895, she presented to the defendants her claim as the widow of said Watson Nicols for said sum of one thousand dollars, and demanded of the defendants that they order the same paid to her out of said pension fund, and issue a warrant to her therefor; that the defendants refused and still refuse so to do.   Wherefore she asked the superior court to issue a peremptory writ of mandate, requiring the defendants to comply with her said demand.   Her petition therefor was filed in the superior court July 10, 1895.   To this petition the defendants demurred, specifying among other grounds of demurrer, that her cause of action is barred by the statute of limitations.   The court sustained the demurrer and ordered the proceeding dismissed, and from the judgment entered thereon the petitioner has appealed.

The provision in the act of March 4, 1889, upon which the appellant relies for recovery, is as follows, viz. :—

"Sec. 7.   Whenever any member of the police department of such county, city and county, city or town shall, after ten years and less than twenty years of service, die from natural causes *then* his widow or children, or if there be no widow or children then his mother or unmarried sisters, shall be

entitled to the sum of one thousand dollars from such fund.''
(Stats. 1889, p. 57.)

As the plaintiff did not commence the present action until
more than five years after the death of her husband, it is
evident that her right of recovery is barred by the statute of
limitations unless for some reason it is taken out of the opera-
tion of the statute. It is therefore contended on her behalf
that under the terms of the aforesaid act the pension fund
thereby created is held by the defendants under an express
trust in favor of those for whom it is created; and conse-
quently that the statute of limitations did not begin to run
against her claim until a repudiation of the trust on the part
of the defendants. This contention is based upon the propo-
sition that by the terms of the act the defendants are consti-
tuted a ''board of trustees,'' and those for whose benefit the
fund is authorized are styled ''beneficiaries.''

We are unable to accept this construction of the act.
Whether a fund created for the benefit of certain designated
persons is impressed with a trust which can be enforced in
their favor will depend upon the terms under which it is
created and the provisions made with reference to its dis-
bursement rather than upon the designation given to the dis-
bursing agents or to the recipients of the fund. The ''pen-
sion fund'' authorized by the act is not characterized in any
of the provisions for its creation and management with the
elements of a trust, and the mere designation of those who
are to disburse it as ''board of trustees,'' and those for
whom it is to be distributed as ''beneficiaries,'' is insufficient
to require such construction. Persons invested with the man-
agement or control of a fund may be styled a ''board of trus-
tees'' without holding any relation of trust to the fund other
than such as exists in all cases where one person has the man-
agement or control of property belonging to another; and
any person who derives an advantage from the beneficence
of another is with equal propriety styled a ''beneficiary,'' as
one for whose benefit a trust is created.

The defendants are not made the custodian of the pension
fund, but have been appointed by the legislature to ascertain
and designate the persons who are entitled to the payments
authorized by the act, and in so doing are in the exercise of a
public duty imposed upon them by the legislature. The legis-

lature has directed that certain public moneys shall be set apart in the treasury for the purpose of making these payments; and the moneys so set apart are at all times public moneys in the custody of the treasurer of the county. The "two dollars per month" which the petitioner alleges was retained by the treasurer from Nicols' pay as a member of the police department, and paid into said fund, was not a contribution to the fund by Nicols, but, as was said in reference to a similar provision in the act of 1878, in *Pennie* v. *Reis,* 132 U. S. 464, "was money of the state retained in its possession for the creation of this very fund." In this case the supreme court of the United States, in construing the act, held that a member of the police department has no vested right or right of property in the money authorized by the act to be paid upon certain contingencies or the happening of certain events until such contingencies or events shall occur; thus refuting the proposition that the fund is held under an express trust in favor of the designated beneficiaries. The provision of section 14 of the act, that on the last day of June of each year all surplus of said fund exceeding the average amount per year paid out on account of the said fund during the three years next preceding shall be transferred to and become a part of the general fund of the city and county, and "no longer under the control of said board or subject to its order," is a direction of the legislature for the disposition of the fund, and is inconsistent with the proposition that it is held by the board under an express trust in behalf of those to whom it is to be paid. It is not an unreasonable inference from this provision of the act that it was the intention of the legislature that all claims against the fund should be presented for payment within one year after the right to receive such payment had accrued.

The relation of the petitioner to the fund is not unlike that which exists in behalf of a beneficiary under the provisions governing a benevolent or fraternal association. Upon the happening of the event at which such beneficiary is entitled to receive the benefit provided in the articles of association a right of action accrues in his behalf, which, like any other right of action, must be enforced within the period provided by the statute of limitations. (*Kauz* v. *Great Council etc.,*

I Cal. App.—32

13 Mo. App. 341.) It would not be seriously contended that if Nicols had neglected to seek payment of his monthly pension for more than five years after his right to it had accrued his right would not be barred by the statute of limitations. The act, however, makes no distinction between the different classes of beneficiaries in relation to the fund, and it must be held that the petitioner's right of recovery was barred·by the statute of limitations.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.