[Civ. No. 200.   First Appellate District.—August 15, 1906.]

## HETTIE T. BURKE, Appellant, v. BOARD OF TRUSTEES OF POLICE RELIEF AND PENSION FUND OF CITY AND COUNTY OF SAN FRANCISCO, Respondent.

POLICE PENSION FUND OF SAN FRANCISCO—MANDAMUS BY WIDOW OF POLICE OFFICER—CHARTER THE MEASURE OF RIGHT.—The right of a widow of a police officer to compel the board of trustees of the police relief and pension fund of the city and county of San Francisco, by writ of mandate, to make payment to her out of that fund is measured solely by the provisions of its charter, which went into effect January 1, 1900, and created that fund; and no rights under a preceding general pension law, in respect to which no provision is made in the charter, and under which there can be no presumption that the respondent board has any funds in its control, can be available under the petition for such writ.

ID.—CITY CHARTER NOT CONTROLLED BY GENERAL LAWS.—When the freeholders' charter of San Francisco was approved by the legislature, it became the organic law of the city and county, and superseded the previously existing charter, and all laws inconsistent therewith, and thereafter the city and county was no longer subject to or controlled by previous general laws.

ID.—TOTAL AMOUNT PAYABLE—ALLOWANCE BY BOARD NOT CLAIMED—PETITION FOR MANDATE PROPERLY DENIED.—Where the total payments of petitioner's husband, under the charter, amounted to $78, and the respondent board had allowed a larger sum, which was not claimed, a petition for a writ of mandate for the sum of $596, for payments made by her husband as a police officer at the rate

of $2 .per month from April, 1878, to January, 1903, was properly denied.

ID.—AVERMENT OF LEGAL CONCLUSION.—The averment in the petition that there is in the official custody and subject to the official control of the respondent board "more than sufficient money applicable to," and with which to pay, her claim of $596, is but a legal conclusion, and is limited by the facts on which she bases her claim, and the provisions of law applicable to those facts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Jordan, Treat & Brann, and Jordan & Brann, for Appellant.

P. V. Long, City Attorney, for Respondent.

HARRISON, P. J.—The appellant seeks by this proceeding to obtain a writ of mandate, commanding the board of trustees of the police relief and pension fund of the city and county of San Francisco, the respondent herein, to pay to her the sum of $596 from said fund, which she claims to be entitled to receive by virtue of certain provisions of the charter of said city and county. In her petition therefor she alleges that she is the surviving widow of John Burke, and that her husband was appointed a member of the police department of San Francisco, February 10, 1874; that on January 5, 1903, on his application to the board of police commissioners, and it having been made to appear to said board that he had become physically disabled by bodily injury received in the performance of his duty, he was retired from further service in the department; that in the resolution for his retirement it was provided that he be paid from the police relief and pension fund of the department a monthly pension equal to one-half the amount of the salary attached to the rank which he held in the department for the period of three years preceding the date of his retirement; that after his said retirement he died from natural causes, February 26, 1903; that he was

not paid any portion of said pension fund, but that on March 31, 1903, the defendant audited and allowed a demand on the treasurer of the city and county for the sum of $99.66, payable out of said pension fund, as for his pension for the quarter ending on that date. She also alleges that while her husband was a member of the police department he paid into said fund out of his salary the sum of $2 each month, from April, 1878, to and including January, 1903, amounting in the aggregate to $596. The superior court sustained a demurrer to the petition, and from its refusal to issue the writ of mandate prayed for the petitioner has appealed.

The rights of the appellant are measured by the provisions of the charter of San Francisco, and these provisions alone can be considered in determining whether she is entitled to any relief, and if so the extent of such relief. She bases her claim upon the provisions of section 6 of chapter V, article VIII, of the charter (Stats. 1899, p. 333), which declares: "When any member of the department shall, after ten years' service, die from natural causes, then his widow, and if there be no widow then his children, or if there be no widow or children then his mother, if dependent upon him for support, shall be entitled to a sum equal to the amount retained by the treasurer from the pay of such deceased member and paid into the relief and pension fund; but the provisions of this section shall not apply to any member of the department who shall have received any pension under the terms of this chapter."

Whatever money she is entitled to receive is to be paid to her out of this fund, and only such amount of the fund as the treasurer shall have retained from the pay of her husband and paid into the fund. The fund itself is provided for by section 1 of said chapter X, which declares that "A fund is hereby created to be known and designated as the Police Relief and Pension Fund." The moneys constituting the fund are enumerated in section 11 of the chapter, subdivision 9 of which directs the treasurer "to retain from the pay of each member of the police force $2 a month, which shall be forthwith paid into the police relief and pension fund."

The averment in the appellant's petition that there is in the official custody and subject to the official control of the defendant "more than sufficient money applicable to" and with

which to pay her claim of $596, is but a legal conclusion, and is limited by the facts upon which she bases her claim and the provisions of the law applicable to those facts (*Pennie v. Reis,* 132 U. S. 464, [10 Sup. Ct. 149]; *Nichols* v. *Police Pension Fund Commrs.,* 1 Cal. App. 494, [82 Pac. 557]), and although the appellant has alleged in her petition that her husband, while he was a member of the police department, paid out of his salary the sum of $2 each month, yet, as we said in the case of *Nichols, supra;* ''The 'two dollars per month' which the petitioner alleges was retained by the treasurer from Nichols' pay as a member of the police department, and paid into said fund, was not a contribution to the fund by Nichols, but, as was said in reference to a similar provision in the act of 1878 in *Pennie* v. *Reis,* 13 U. S. 464, [10 Sup. Ct. 149], 'was money of the state retained in its possession for the creation of this very fund.' ''

The charter of San Francisco went into effect January 1, 1900, and the police relief and pension fund created by it had its birth at the same time. The provisions of the charter, as well as the duties of the officers created by it, are prospective. It is only such moneys as the treasurer should retain from the pay of the appellant's husband after that date that could be paid into the fund, and it is only to such an amount of money so paid into the fund that under the provisions of section 6 the appellant is entitled. As her husband died in February, 1903, less than thirty-eight months after the charter took effect, the treasurer could not have retained from his pay and paid into the fund more than $78. Prior to the institution of this proceeding by the appellant, the defendant had audited and allowed a demand on the treasurer against the fund for a greater sum than this; and as it does not appear that the appellant had demanded this money, or shown any reason in her petition why she had not received the same, the court very properly denied her application.

The act of March 3, 1899 (Stats. of 1899, p. 57), is not available to the appellant. That act was a general law applicable to all counties, cities and counties and towns in the state, whereas the charter of San Francisco is a freeholders' charter, and, when approved by the legislature in 1899, became by the express terms of the constitution (art. XI, secs. 6, 8) the or-

ganic law of the city and county, and superseded the existing charter and all laws inconsistent therewith, and thereafter the city and county was no longer subject to or controlled by general laws. There is no provision in the charter by which the fund created by the act of 1889 should be transferred to or placed under the control of the officers created by the charter. The fund was at all times subject to legislative disposition (*Pennie* v. *Reis*, 132 U. S. 464, [10 Sup. Ct. 149]), and as section 14 (page 60) of the act required the surplus thereof to be transferred to the general fund on the last day of June of each year, and declared that it should be "no longer under the control of the board or subject to its order," there is no presumption that any portion of the fund thereby authorized was transferred to or is under the control of the respondent herein. (See *Nichols* v. *Police Pension Fund Commrs.*, 1 Cal. App. 494, [82 Pac. 557].)

The proposition urged in the brief on behalf of the appellant that she is entitled to the sum claimed by her upon the ground that her husband never "received" any portion of the pension awarded him does not require discussion. Whatever right she has to any portion of the pension fund depends upon the provisions in the first portion of section 6. The concluding sentence of the section upon which this argument is based, instead of conferring any rights, creates a limitation upon the rights which otherwise might exist, and whatever rights she has by virtue of the section she must establish under its other provisions.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.