MICAELA ESCARTÍN DE QUIÑONES, Plaintiff and Appellant, *v.* JACKSON C. HITCHMAN ET AL., ETC., Defendants and Appellees.

No. 6056. Argued June 21, 1933.—Decided September 29, 1934.

*C. Coll y Cuchí, Diego O. Marrero* and *Guillermo Silva* for appellant. *Benjamin J. Horton, Attorney General (Charles E. Winter on the brief)* and *Emilio de Aldrey, Assistant Attorney General* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Micaela Escartín widow of Quiñones, brought an action of debt against Jackson C. Hitchman, Ignacio T. Peñagarícano and Miguel Such as members of the Insular Police Commission and Manuel V. Domenech, as Treasurer of Puerto Rico. She alleged:

" *       *       *       *       *       *       *

"*Second:* That plaintiff according to an act entitled 'An Act to Provide for the Retirement of the Members of the Insular Police force of Puerto Rico and Fixing Rules Therefor,' approved July 16, 1921 as amended by Act No. 86, approved August 20, 1925, by Act No. 30 approved April 20, 1929, and by Act No. 44, approved April 28, 1930, was given a pension by the Insular Police Commission; and that on May 3, 1931, there is owing to her and unpaid, the sum of $3,670.00.

"*Third:* That on May 3 of that year, Act No. 70 was approved, Section 1 of which repealed the previous law by virtue of which plaintiff was given a pension in the manner stated.

"*Fourth:* That when said Act No. 70 of 1931 was approved, plaintiff had already acquired the right to be paid as provided by the previous law, having earned in pensions the sum already stated.

"Plaintiff alleges that she is one person of a class, and that, according to information and belief the following persons also are in the same condition:

(85 persons are mentioned to whom pensions are owned amounting to $75,883.86.)

"And plaintiff alleges that she brings this action as such person of a class and for her benefit and that of those in the same condition as plaintiff.

"*Fifth:* That defendants claiming that the Act recently approved by the Legislature in 1931 to which paragraph Four of this complaint refers deprived plaintiff of her right to collect the amount earned, in the manner stated in said complaint, have refused to pay the same, in spite of the fact that the amount so earned constitutes an acquired right of plaintiff of which she can not be deprived of in any manner.

"WHEREFORE, plaintiff requests the court to render judgment compelling the Insular Police Commission to order payment to plaintiff of the amount of $3,700 referred to in the complaint and the Treasurer of Puerto Rico to make said payment."

Defendants demurred to the complaint on the ground that the same did not state a cause of action. The demurrer was sustained. Plaintiff herself requested the termination of the suit by a rendition of the corresponding judgment. It was so done and plaintiff then took the present appeal.

The lower court dismissed the complaint on the following grounds:

"Having examined the complaint in the light of the rule established by our Supreme Court in the case of *Ortiz* v. *Insular Police Commission,* 40 P.R.R. 157, the complaint in the instant case does not state sufficient facts to constitute a cause of action as the action exercised is one of debt whereas the proper remedy should have been exercised to compel defendants to perform the ministerial duty alleged in the complaint to exist in favor of plaintiff."

And in effect in the case of *Ortiz* v. *Insular Police Commission,* 40 P.R.R. 157, it was held:

"The third demurrer was properly determined by the district court. We will confine ourselves to reproducing that court's own reasoning, with which we are fully in accord. It is as follows:

" 'The third demurrer is based on lack of facts sufficient to constitute a cause of action. The right of plaintiff arises from Act No. 68 of 1921 as amended by Act No. 86 of 1925 (Session Laws, p. 662). The purpose of that act is to provide for the retirement of the members of the Insular Police force and fixing rules therefor. The allegation made by plaintiffs that they are retired members of the Insular Police force does not establish by itself a right of action against the defendant Commission. The right to a pension does not

arise from a contract between plaintiff and the government whose performance could be demanded through an ordinary action; the pension is a gratuity granted by the government in recognition of services rendered by an officer, but that recognition by the government does not establish a vested right in favor of the officer which might be enforced or whose execution might be compelled by an ordinary action. Of this we are convinced. Otherwise, the result should be that in the present case all the members of the Insular Police force who have been pensioned would have each of them a cause of action against the defendant Commission, and that would give rise to a multiplicity of suits, which the law discourages.

" 'If ,as alleged by plaintiffs in their complaint, the Commission has a fund at its disposal to be applied to the payment of the pensions, and, notwithstanding the fact that payment has been demanded of it, the Commission refuses to pay to plaintiff the sums owing to them, and gives no reason or ground for its refusal, such allegations rather tend to show the existence of a duty to be performed by defendant, and not the violation of a contract whose performance might be specifically enforced.

" 'An ordinary action is not a proper remedy to compel a board or an officer to perform a ministerial duty imposed by law, and if such duty is the payment of a pension an ordinary action to enforce it does not lie. 43 C. J. 817; 38 C. J. 718. See also *Seshan* v. *San Francisco Police Comr.*, 27 Cal. A. 29; 190 Pac. 51.' "

In her brief appellant maintains that her case is different to that of *Ortiz, supra,* because here the allegation is made that in accordance with an act of the Legislature, amended several times, and that by virtue of specific acts performed under said act by the parties to the suit, plaintiff has an acquired right to be paid a fixed sum of money which the defendants have refused to pay, claiming that plaintiff does not have such right because a later law deprived her of such right.

In a memorandum of authorities filed on the day of the hearing of the appeal, appellant cites numerous decisions to sustain the theory that the amounts earned in favor of plaintiff and appellant prior to the law invoked by the Commission and which amounts are claimed in the complaint, constitute an

acquired right in her favor of which she can not be deprived of in any manner.

This question was discussed in the note to the case of *Gibbs* v. *Minneapolis Fire Dep.* 125 Minn. 174, which note is found in Ann. Cas. 1915, C. 751, as follows:

"The unquestioned rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right: and that a pension is accordingly terminable at the will of the grantor."

(Great number of cases from England, Canada, the Federal courts of the United States, and of the states of Alabama, California, District of Columbia, Illinois, Iowa, Kentucky, Minnesota, New York, North Carolina, Ohio, Texas, and Wisconsin are cited.)

"It is, however, conceded that where any particular payment under a pension has become due, the pensioner has a vested right therein. *Pennie* v. *Reis*, 132 U. S. 464, 10 S. Ct. 149, 33 U. S. (L. ed.) 426; *Dale* v. *Governor*, 3 Stew. (Ala.) 387; *Kavanagh* v. *Board of Police Pension Fund Com'rs*, 134 Cal. 50, 66 Pac. 36; *Mefarland* v. *Bieber*, 32 App. Cas. (D. C.) 513; *In re Smith*, 130 N. C. 638, 41 S. E. 802. See also *Smith* v. *Auditor General*, 80 Mich. 205, 45 N. W. 136 (bounty for enlistment). Compare *Donnelly* v. *U. S.*, 17 CT. Cl. 105.

"Pensions bestowed by a special act are equally as subject to legislative control as those granted under general statute. *Dale* v. *Governor*, 3 Stew. (Ala.) 387. In that case it appeared that the legislature, in recognition of certain services rendered by the plaintiff, had breveted him a brigadier general and had conferred on him a life annuity. The court, in passing on a law repealing so much of the statute as gave the plaintiff a pension, held that the plaintiff had no vested interest in the annuity, until it was paid to him; that the original statute was an act of ordinary legislation, which it was entirely competent for the body who enacted it, to repeal at a subsequent session; and that the repealing act was not unconstitutional. A like conclusion was reached in *U. S.* v. *Teller*, 107 U. S. 64, 2 S. Ct. 39, 27 U. S. (L. ed.) 352.

"In some instances pension funds are maintained in part by compulsory contributions of the beneficiaries thereof. This is gener-

ally true where the beneficiaries are policemen or firemen: and in such a case the statute creating the fund ordinarily authorizes the proper official to retain weekly or monthly a certain per cent of the prospective pensioners' pay. By the great weight of authority the fact that a pensioner has made such compulsory contribution does not give him a vested right in the pension. *Queen v. Metropolitan Police Dist.* 4 B. & S. 593, 116 E. C. L. 593, 9 L.T.N.S. 375; *Pennie v. Reis,* 132 U. S. 464, 10 S. Ct. 149, 33 U. S. (L. ed.) 426, *affirming* 80 Cal. 266, 22 Pac. 176; *Clarke v. Police, etc. Board,* 123 Cal. 24, 55 Pac. 576; *Nichols v. Board of Police Pension Fund Com'rs,* 1 Cal. App. 494, 82 Pac. 557; *Burke v. Board of Trustees of Police Relief, etc. Fund,* 4 Cal. App. 235, 87 Pac. 421; *Cohrn v. Henderson,* 19 Cal. App. 89, 124 Pac. 1037; *Eddy v. Morgan,* 216 Ill. 437, 75 N. E. 174; *Pecoy v. Chicago,* 265 Ill. 78, 106 N. E. 435; *Ryan v. Foreman,* 181 Ill. App. 262; *People v. Matsell,* 94 N. Y. 179; *State v. Board of Trustees of Policemen's Pension Fund,* 121 Wis. 44, 98 N. W. 954. Compare *Hobson v. Hull,* 4 El. & Bl. 986; *Ball v. Board of Trustees of Teachers' Retirement Fund,* 71 N. J. L. 64, 58 Atl. 111. In *Pecoy v. Chicago,* supra, the court said: 'Pensions are in the nature of bounties of the government, which it has the right to give, withhold, distribute or recall at its discretion. . . . . This rule is not changed by the circumstances that plaintiff in error claims to have contributed one per cent of his salary to such fund. The alleged contribution was not in fact, a payment by him. He accepted the appointment of police patrolman with the knowledge. that one per cent would be deducted each month and placed in the pension fund. The money was never paid to him, and the city simply transferred one per cent of the salary from one fund to another, and continued to hold it as a special fund to meet the disbursements under the Police Pension Law.''

It seems convenient also to cite the following text from Corpus Juris which includes some cases subsequent to the note we have transcribed:

"If the right of an officer to share in a pension fund created by the state depends upon the happening of a particular event, his interest in the fund is a mere expectancy and liable to be defeated at any time before the happening of the event by the action of the legislature in repealing the law creating the pension, or making new and different provisions for the distribution of the fund. And the right of the legislature thus to revoke the pension is not

affected by the fact that a given sum was retained from the officer each month, since such sum, although called in law a part of his compensation, is in fact an appropriation of that amount by the state each month to the creation of the fund. Where the event on which a pension to a police officer becomes payable actually has happened, the right to the pension is vested in the view of some courts, but other courts considering the pension for this purpose merely as a bounty hold that the state may recall or withhold it at any time.''

If the terms of the judgment appealed from are examined, it will be seen that the district court did not decide definitely or at least did not try to decide definitely the question raised. The court stated as its only ground for its decision, citing the *Ortiz* case, *supra,* that the complaint did not state sufficient facts to constitute a cause of action *because a complaint in debt was brought whereas the corresponding remedy should have been brought to compel the defendants to comply with the ministerial duty claimed that they have towards plaintiff, that is, the writ of mandamus.*

To maintain in the *Ortiz* case, *supra,* that the ordinary action was not the proper one, reference was made to the cases summarized in 43 C.J. 817 and 38 C.J. 718. Said summary reads:

''Where a police pension board wrongfully withholds a pension, mandamus lies to compel the performance of its duty.''

''A pension being in the nature of a gratuity, there is no legal liability for its payment which can be enforced in an action for money; the remedy where payment has been wrongfully discontinued is by mandamus. In conformity to general rules already stated, where the duty of a pension officer, board, or tribunal is purely ministerial, mandamus will lie to compel the performance thereof. And where a pension board or other proper tribunal which hears and determines applications for pensions for municipal officers, such as policemen or firemen, performs not merely a ministerial but a quasi-judicial duty, or where its decision on such applications is final and conclusive, mandamus lies to compel it to take some action upon an application. Nevertheless, mandamus does not lie to control the exercise of discretion vested in such board or tribunal, unless

it is shown that this discretion has been abused; and this is so although the exercise of discretion may involve the construction of statute at least where the construction it has given the statute relating to pensions is a possible one. In no case will the writ be granted where it is not shown that the relator was clearly entitled to the pension. However, mandamus lies where the pension board or officer has acted arbitrarily and in excess of power."

However, the very text of 43 C.J. 817 adds:

"While one entitled to a pension may not limit to a proceeding by mandamus, but may enforce his claim by a common-law action, the right to sue at common law has been denied; and where the board of police commissioners is vested with authority to determine the rights of an applicant for pension, a court has no jurisdiction to anticipate or dispense with the decision of the commissioners."

The first part of the text transcribed, that is that a person entitled to a pension is not limited to the remedy by mandamus is supported by the case of *Hayes* v. *Hoboken*, 93 N.J.L. 432, 108, Atl. 868, 869, of the Court of Appeals and Errors of New Jersey, as follows:

"Next it is said the plaintiff was without right to enforce her claim by a common-law action, but was limited to a proceeding by mandamus. There seems to be nothing in this point. She may proceed by mandamus, but she is not compelled to resort to that remedy. If mandamus had been applied for, and the court in its discretion had refused the writ, it is clear the plaintiff could even then pursue her common-law remedy. Clark V. Earle, 42 N. J. Law, 94, 97. She may be compelled to enforce her judgment by mandamus, but her right to a trial by jury is not affected thereby. Moreover, we think this question cannot be raised. No challenge to the jurisdiction was interposed. The defendant saw fit to try the case out on the merits, and it should not be permitted now to raise the question."

And the latter part of the text transcribed is supported by the case of *State, ex rel.,* v. *Holmes,* 5 Oh. App. 1, 8, where it was said:

"It is urged that Delaney had misconceived his remedy, and that he has an adequate remedy at law in an action against the city to

recover the amount of his withheld pensions. We think that the pension being a gratuity, there is no legal liability which could be enforced in an action at law to recover either damages for breach of contract or for moneys due. His remedy is in mandamus, and he is properly before this court. *State, ex rel. Roothgery,* v. *Trustees of Firemen's Pension Fund,* 20 C. C., N. S., 13; *Karb et al* v. *State, ex rel.,* 54 Ohio St. 383; *State, ex rel. Weiss,* v. *Keefer et al.,* 3 Ohio App. 426."

After a careful consideration of the matter, we are of opinion that the judgment appealed from must be reversed. The opinion of the Court of Appeals of New Jersey seems to us to be just. The remedy by mandamus is a privilege. Plaintiff could have made use of it and obtained a quicker and more direct decision of her case. She did not do so. She preferred the ordinary action which is broader and slower but this should be no obstacle to have the case decided on its merits by the court. Everything said to the contrary in the *Ortiz* case, *supra,* must be understood to be overruled.

We do not prejudge the rights of the parties. What we do decide is that the suit must proceed, and the defendants allowed a reasonable time to plead any defenses they may have in their favor.

Mr. Justice Aldrey took no part in the decision of this case.