### DYAS & CO. v. J. H. DINKGRAVE et al.

A commercial firm cannot demand in the same suit the payment of two promissory notes, although they are dated at the same place, and on the same day, and both payable to the firm under its firm name, where it is shown that such firm was composed of different persons, when the indebtedness was created which formed the consideration of one note, from those persons who composed the firm when the indebtedness was incurred which formed the consideration of the other note. It would be a case of distinct creditors joining in the same action their separate and distinct demands against the debtor.

Under such circumstances, the old firm and the new firm would be considered in law as separate and distinct persons, with separate and distinct rights and obligations, and could not, as creditors, join in the same action their separate and distinct demands against their debtor. The law does not permit *separate creditors* to join in an action against their debtor, unless there be a joint interest between them in the thing demanded, or a privity of contract, which authorizes the joinder.

APPEAL from the District Court of the Parish Ouachita, *Richardson, J.*

*Morrison & Purvis*, for plaintiffs. *Thomas O. Benton*, for defendant and appellant.

LAND, J. The defendants are sued on two promissory notes: one for $1473 32, and the other for $853 12, and both dated at the same place, and on the same day, and both payable to *Dyas & Co.*, of New Orleans, and both payable twelve months after date.

The defendants filed an exception to the suit, on the ground that two actions have been cumulated contrary to law, in this, to wit: that the firm of *Dyas & Co.* was composed of different persons, when the indebtedness was created which forms the consideration of the first note for $1473 32, from those persons who composed said firm when the indebtedness was incurred which formed the consideration of the second note, to-wit, the note for $853 12; in other words, *that*

*two distinct creditors* had joined in the same action against them *their separate and distinct demands.*

The defendants also filed an affidavit for a continuance of the trial on the exception, on the ground that they have been unable to procure the testimony of a witness residing in the city of New Orleans, to prove the facts stated in their exception, to-wit, that the persons who composed the *old firm* of *Dyas & Co.* were different from those who compose the *new firm* of *Dyas & Co.*

The exception, and the application for continuance, were overruled, and the defendants reserved their bill of exceptions.

It is the opinion of the court, that if the exception were true in point of fact, that it was sufficient in law to dismiss the action, and that the continuance should have been granted.

If the facts be true, as alleged in the exception, that the old firm was separate and distinct, or, which is the same thing, that it was composed of different persons from those composing the new firm of *Dyas & Co.*, then the old firm *was as separate* and *distinct* in law, from the new firm, as one man is from another, and its rights, duties, obligations and liabilities were as separate and distinct as those of one individual from those of another. And a debt due to the old firm would not be a debt to the new, for which the latter firm could maintain an action, for the want of *that legal interest* in the thing demanded, which is necessary to con· stitute a cause of *action*, or to give a party a legal standing in the courts.

On the other hand, the old and new firm, being considered in law as separate and distinct persons, with separate and distinct rights and obligations, could not as creditors join in the same action their separate and distinct demands against their debtor.

In the case of *Weaver* v. *Armant*, 14 An. 182, we had occasion to say " that the law does not permit a creditor to sue all of his debtors in the same action, unless there is a joint liability, or *privity* of contract, which authorizes the joinder ; nor will it permit a party to be joined in a demand in which he has no interest."

The converse of this proposition is equally true, that is to say, the law does not permit *separate creditors* to join in an action against their debtor, unless there be a joint interest between them in the thing demanded, or a *privity* of contract, which authorizes the joinder.

To hold otherwise would be at variance with the well settled rules of pleading, and might lead to a multiplicity and confusion of pleas and issues, at present unknown to our system of practice, to say nothing of the consequences of a general verdict and judgment rendered in such a case, consolidating the claims into one, or allowing some, and rejecting others.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and that the cause be remanded to the lower court, for further proceedings according to law, and that the plaintiffs pay the costs of this appeal.