No. 9032
*Orleans*

---

MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY, Appellant, v. GODCHAUX SUGARS, INC., ET AL.

---

(November 16, 1925, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Parties—Par. 12.**
There is no misjoinder of parties defendant where they have a common interest in the principal matter in controversy, notwithstanding some distinction in plaintiff's claim against each defendant.

2. **Louisiana Digest—Parties—Par. 12.**
Where a consignor and a consignee of a shipment of sugar are sued in *solido* by a carrier for demurrage, there is no misjoinder of parties defendant.

Appeal from Civil District Court, Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit by a railroad for the recovery of demurrage charges.

Both defendants filed exceptions of misjoinder of parties, which were maintained by the court, and plaintiff has appealed.

Judgment reversed and case remanded for trial according to law.

Denegre, Leovy, Chaffe and E. L. Gladney, of New Orleans, attorneys for plaintiff, appellant.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for defendant, appellee.

## OPINION

WESTERFIELD, J. Plaintiff sues Godchaux Sugars, Inc., and Carroll K. Warmoth in solido for the recovery of certain demurrage charges amounting to $373.87. It is alleged that plaintiff as the last connecting carrier transported and delivered certain sugar cane which had been sold by Carroll K. Warmoth to Godchaux Sugars, Inc., of Raceland, La., and shipped from Sara Switch, La., to Raceland, plaintiff railroad receiving the sugar in New Orleans, La., from its connecting carrier; that plaintiff paid to the initial carrier the transportation charges (freight to New Orleans and demurrage at point of origin, but collected from Godchaux Sugars, Inc., only the freight charges omitting inadvertently to collect the amount due for demurrage at point of origin, and for that amount this suit is brought.

Both defendants filed exceptions of misjoinder of parties defendant, which were maintained by the court a qua, and plaintiff has appealed.

Plaintiff's counsel contends:

"That it would approach a travesty on justice to affirm the judgment of the lower court and to require plaintiff to bring separate actions against each of the present defendants. Neither of them would gain anything by such a result and the only consequence would be to cause a multiplicity of litigation, and the expenditure of unnecessary costs and time on the part of all concerned. There might besides be certain rights as between the two defendants which could be taken care of in one suit which on the other hand could not be taken care of if it were handled as two suits."

And defendant's counsel argues:

"The railroad sues the consignor and the consignee in solido not alleging any special contract with either. The obligations of each, if any exist, arise out of separate, distinct and unrelated contracts which each has made with the railroad, the consignor not being a party to the contract between the railroad and the consignee, and the consignee not being a party to the contract between the railroad and the consignor. The contracts may each give rise to a cause of action, but the contracts being different, the causes of action are different and cannot be joined in one suit. Further, the consignor and consignee not being jointly or in solido liable, cannot be joined as defendants in the same suit."

In Gill vs. City, 119 La. 19, 43 South. 897, the court observed:

"The Code is singularly silent on the subject of joinder of parties. The provision bearing nearest upon the subject is that contained in Article 147, et seq., dealing with 'Cumulated Actions', where the cumulation of several demands is expressly authorized, provided they are not inconsistent.

"This, apparently, leaves the door open for several plaintiffs to join their suits against several defendants, regardless of privity or connection between them, so long as the demands are not inconsistent. But no one ever understood that the intention was to sanction anything of that kind, and this court soon had occasion to discountenance such a practice, declaring that it was 'at variance with well-settled rules of pleading', (Mayor vs. Azmant, 14 La. Ann. 181; Dyas vs. Dinkgrave, 15 La. Ann. 502, 77 Am. Dec. 196), and that 'the law diu not favor' multiplicity of actions against different parties in the same suit". Leverich vs. Adams, 15 La. Ann. 310. But the court did not say where this 'law' and these 'well-settled rules of pleading' were to be found.

"We look in vain for them in the Spanish and French systems of procedure prevailing at the time of the adoption of our Code of Practice; but we find them in the common-law books, and we know that our Code of Practice was derived largely from that system, while our Criminal Procedure was taken bodily from it. The rules there

laid down are safe guides, all the more so because they are not the product of arbitrary legislation, but the gradual result of the application of pure reason to the exigencies of cases in actual practice."

The court thereupon quotes with approval (p. 21) the following statement of the common law from 14th E. of P. and P. 195:

"There is no settled and inflexible rule as to whether or not a pleading is multifarious. The question is one which must be determined largely by the circumstances of each particular case.

"Multifariousness as to parties. The other form of multifariousness, and the one which is said to be more properly such, consists in joining in the same suit, either as complainants or defendants, parties who are without a common interest in the subject of the litigation and have no connection with each other. In order to complain successfully of multifariousness in this form, a defendant must show that he is brought as a defendant upon a record with a large portion of which, and of the case made by which, he has no connection whatever; but a bill is not so multifarious where complainants have a common interest as to the point at issue, though their claims are in a sense distinct."

We quote the following from Ruling Law, Vol. I, p. 362-3.

"It is generally prerequisite to the joinder of causes of action that all the causes of action should affect all the parties to the action, both parties defendant and parties plaintiff. * * * But it is not necessary under the statutes or in the absence of statutes that all the parties should be affected equally, it being enough that they are all affected.

"It is no objection to the joinder of causes of action that they concern separate primary rights, enforcible by the proper remedy so long as they each reach back to the point of union as the parent cause thereof they all arise out of one transaction and may be vindicated together regardless of the form of remedy requisite to each, provided they all affect the parties and do not require different places of trial.'

It is unnecessary to go as far as the authorities quoted from the common law in order to approve of the joinder of parties defendant in the case before us. Adhering closely to our local jurisprudence we extract the following statement of the rule as sufficient basis for overruling the exception of misjoinder in this case:

"The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject matter of the suit." Reordon vs. Dickinson, 146 La. 556.

The interest of both defendants is common to the subject matter of the suit as set forth in the petition.

It must be conceded that plaintiff has a cause of action against both consignor and consignee. Central Georgia Railway Company vs. Birmingham Sand and Brick Co., 9 Ala. App. 419, 64 South. 202; Union Pacific Railway Co. vs. American Smelting and Refining Co., 202 Fed. 720.

The payment of transportation charges by either would release the other. A judgment against plaintiff in a suit against either defendant (if separately sued) would benefit the other. The liability of both defendants grows out of the same transaction, the transportation of the sugar, the contract of affreightment of carriage. If there are certain distinctions to be observed in fixing the liability of the consignor and of consignee, as counsel contends, they are unimportant and do not affect the principle involved. We see no reason in law or expediency for compelling the plaintiff to conduct two suits, where one will suffice. The principle that two blades of grass should be made to grow where but one grew before, so pertinent to good husbandry, finds no application to litigation; consequently, two law suits growing where but one grew before is not a consummation devoutly to be wished for.

The whole tendency of modern practice in both state and federal courts is toward simplicity and celerity. The ages old reproach of the delays of the law seems at last to have sunk into our inner consciousness. That which caused Hamlet to contemplate suicide and Dickens to write with such withering satire concerning the circumlocution office and Jarndyce vs. Jarndyce seems at last to be receiving the intelligent consideration of those in a position to remedy its evil. We think there is ample and express authority to the announcement of the principles controlling our conclusions here, but we are frank to say that the sweet reasonableness of the rule is not its least commendation.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the exception of misjoinder be overruled and the case remanded to be proceeded with according to law, defendants to pay costs of this appeal.