SONIAT v. CLESI

---

(June 20, 1927. Opinion and Decree.)
(July 14, 1927. Rehearing Refused.)
(February 16, 1928. Decree Supreme Court on Writ of Certiorari and Review.)
(See 115 So. 644.)

---

(*Syllabus by the Court*)

ON MOTION TO DISMISS.

1. Louisiana Digest—Courts—Par. 164; Appeal—Par. 510.

In exercising the discretion conferred upon us by Act 19 of 1912, which permits the transfer of an appeal, erroneously taken to this court, to the Supreme Court, we are influenced by the merit of appellant's appeal and, when the transfer is opposed, will not prolong the litigation unless there is enough plausibility in the contentions of appellant to warrant the transfer. There must be an end to litigation.

Appeal from Civil District Court, Division "B." Hon. Mark M. Boatner, Judge.

Action by M. C. Soniat against N. J. Clesi.

There was judgment for defendant and plaintiff appealed

Appeal dismissed.

Chas. J. Rivet, of New Orleans, attorney for plaintiff, appellee.

H. W. Robinson, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The motion to dismiss is based upon the ground that the amount involved exceeds the appellate jurisdiction of this court.

The judgment appealed from decreed the rescission of a contract to purchase real estate for the sum of $89,700.00 and awarded plaintiff judgment "in an amount equal to six per cent per annum of $89,-700.00 from June 20, 1926, until finality of the judgment resolving the above mentioned contract."

It is obvious that this court is without jurisdiction of this appeal.

We are urged by appellant to exercise the discretion given us under Act 19 of 1912 and transfer the case to the Supreme Court. In opposition, appellee contends that there should be an end to this litigation, because—

"1. The judgment appealed from resolves a contract with a consideration of $89,700.00 and further decrees the payment of 6% per annum interest on said sum from June 20, 1926.

"2. This judgment was rendered on the pleadings, so that no testimony was ever taken.

"3. A motion was filed in this court for an extension of the return date, on the ground that the stenographer of the District Court had not transcribed the testimony. (There was no testimony to transcribe.)

"4. Although counsel for appellant was served with a copy of the motion for dismissal on April 26, 1927, no request was made for a transfer and nothing was done to correct the alleged erroneous taking of the appeal to this court, until after submission of the matter, on the motion to dismiss.

"5. Counsel did not even appear on the day fixed for argument of the motion to dismiss.

"6. The only excuse offered is the request that your Honors take 'judicial notice of the fact that—attorney for appellant is, perhaps, one of the busiest attorneys practicing before the New Orleans bar—

"7. The appeal was perfected February 24, 1927. The latest return day if the appeal had been properly taken to the Supreme Court would have been April 26, 1927, the day on which the motion to dismiss was filed in this court.

"8. There would have been no reason for making the return day 60 days in a case where no testimony was to be transcribed.

"9. Had the appeal been lodged in the Supreme Court on April 26, 1927, the farthest return day, it could have been disposed of before the end of the present term.

"10. The appellant has made it impossible for the Supreme Court to pass on the matter until next term."

Under the circumstances, we considered it our duty to examine the transcript with a view of determining whether there is sufficient merit in the position taken by defendant and appellant to justify the imposition upon plaintiff and appellee of further delay and protracted litigation.

We rise from our consideration of the record with the conviction that there is not enough plausibility in the defense to prolong the litigation. It is important that the law's delays be minimized. See the concluding paragraph of our opinion in M. L. & T. R. R. Co. vs. Godchaux Sugars, Inc., 3 La. App. 236.

The appeal herein taken will be dismissed.