Manuel M. Ortiz, E. Rivera, J. Luján Jr., G. González, E. Rodríguez, J. Hernández, P. Rodríguez y R. González, demandantes y apelantes, *v.* La Comisión de la Policía Insular de Puerto Rico, demandada y apelada.

No. 4725.—*Sometido:* Mayo 7, 1929. *Resuelto:* Nov. 14, 1929.

R. Muñoz Ramos, abogado de los apelantes; Hon. Attorney General James R. Beverley, y R. Cordovés Arana, Sub-Procurador, abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Los demandantes iniciaron este pleito en la Corte de Distrito de San Juan, alegando los siguientes hechos:

*"Primero:* Que los demandantes son miembros retirados del Cuerpo de la Policía Insular de Puerto Rico, autorizados como tales por el 'Gobernador de Puerto Rico y cobrando por concepto de pensión cada uno, la siguiente cantidad mensualmente: Manuel M. Ortiz, $80.02; Enrique Rivera, $84.88; José Luján Jr., $68.71; Gerardo González, $34.35; Enrique Rodríguez, $34.05; Jaime Hernández, $34.35; Pedro Rodríguez, $68.00; Ramón González, $34.35.

*"Segundo:* Que la demandada en este pleito, la Comisión de la Policía Insular de Puerto Rico, es la encargada de pagar a los demandantes mensualmente el importe de sus respectivas pensiones, de los fondos que con tal fin tiene a su disposición.

*"Tercero:* Que los demandantes a pesar de las gestiones que han hecho para lograrlo, no han podido obtener hasta la fecha de esta demanda el pago de sus respectivas pensiones correspondientes a los meses desde febrero de 1927 a diciembre de 1927 inclusive, o sea, correspondientes a once mensualidades vencidas, a cuya virtud, adeuda la demandada a los demandantes $4,555.00 que corresponden en la siguiente proporción a cada uno de ellos: A Manuel M. Ortiz, $880.22 . . . . igual $4,555.00, que es la cantidad que adeuda la demandada a los demandantes.

*"Cuarto:* Que la demandada tiene en su poder una cantidad de dinero disponible en exceso de los $4,555.00 que adeuda a los demandantes y a pesar de ello, se niega a pagar a los demandantes las cantidades referidas que a cada uno adeuda.''

La súplica de la demanda es como sigue:

*"Suplican* que, previos los trámites de ley dicte en su día sentencia condenando a la demandada a pagar a los demandantes la cantidad de $4,555.00 que les adeuda, haciéndolo repartiendo dicha cantidad entre cada uno de los demandantes en la proporción antes expresada en esta demanda, con imposición de las costas a cargo de dicha demandada.''

La comisión demandada adujo como excepciones previas la indebida acumulación de partes y de acciones y la falta de hechos suficientes para determinar una causa de acción.

La corte declaró con lugar las tres excepciones aducidas y dictó sentencia desestimando la demanda sin especial condenación de costas. No conformes los demandantes apelaron para ante este Tribunal.

El abogado de los apelantes expone y argumenta su caso de modo inteligente y persuasivo. Parece a veces que la lógica y la justicia le asisten y que meros tecnicismos no deberían impedir que se tramitara el pleito dictándose la sentencia final que procediere de acuerdo con los hechos y la ley, pero un estudio detenido de todas las cuestiones envueltas, de la ley en vigor y de la jurisprudencia interpretativa de la misma, nos obliga a concluir que la sentencia dictada debe confirmarse.

Es cierto que el artículo 66 del Código de Enjuiciamiento Civil prescribe que ''los partícipes en una acción ·que estuvieren unidos por interés común'' se asocien, pero, ¿existe aquí el interés común de que habla la ley? Una respuesta negativa se impone.

No hay duda alguna que todos los demandantes tienen el mismo interés, a saber: que la comisión les pague. Sin embargo, igual podría decirse de varios acreedores de un solo deudor cualquiera que fuere la fuente de sus respectivos créditos. Y asociar tales acreedores, no puede en manera alguna ser el propósito del legislador. El interés común debe existir en la cosa reclamada. Debe ser una la reclamación, aunque puedan, desde luego, derivarse varias de ella. Aquí cada demandante tiene un caso especial. Todos son de la misma naturaleza, es cierto, pero cada uno hay que considerarlo en sí mismo, por sus propias circunstancias, y resolverlo por sus peculiares méritos.

Invoca la parte apelante al tratadista Sutherland que en su obra ''Code Pleading, Practice and Forms'' expone la regla general sobre asociación de partes en el sentido de que cuando varias personas tienen interés en el sujeto de la acción y en obtener lo pedido en la demanda, todas pueden unirse en la misma acción, sobre todo si sus derechos son idénticos en clase

y naturaleza, pero como muy bien llama la atención la parte apelada en su alegato, el propio tratadista al exponer las excepciones a la regla, dice:

"Intereses separables.—Evidentemente, la regla que estamos considerando no puede surtir efecto cuando los intereses creados a virtud de un contrato son separables. En tal caso, la causa de acción no es única, y el fundamento de la regla desaparece. Los intereses, legales de los demandantes son separables, y el derecho de acción sigue a los intereses." 1 Suth. Code Pleading, Practice and Forms, p. 18.

Y en el caso de *Dyas* v. *Ding-Grave*, 15 La. Ann. 502, 77 Am. Dec. 196, se dice:

"Los acreedores separados de un deudor no pueden asociarse como demandantes en una acción en que no haya un interés solidario en la cosa reclamada, o algún nexo jurídico (*privity*) respecto al contrato que autorice su unión."

No pudiendo asociarse los ocho demandantes que lo hicieron en este caso, no hay que considerar siquiera la cuestión de la indebida acumulación de acciones.

■ La tercera excepción fué bien resuelta por la corte de distrito. Nos limitaremos a citar su propio razonamiento con el cual estamos enteramente conformes. Es así:

"El tercer motivo de excepción se funda en la falta de hechos para determinar una causa de acción. El derecho de los demandantes arranca de la ley No. 68 de 1921, tal como quedó enmendada por la ley No. 86 de 1923 (leyes de 1925, página 663). Esta ley tiene por fin establecer el retiro de los miembros de la Policía Insular, y fijar ciertas reglas a dicho retiro. La alegación que hacen los demandantes de que ellos son miembros retirados del Cuerpo de la Policía Insular, no establece por sí solo un derecho de acción contra la Comisión demandada. El derecho de pensión no es un contrato entre el demandante y el Gobierno, cuyo cumplimiento pudiera exigirse por medio de una acción ordinaria; la pensión es una gratificación que se hace por el Gobierno en reconocimiento de servicios prestados por el funcionario, pero cuyo reconocimiento por el Gobierno no establece un derecho adquirido a favor del funcionario que pueda ser puesto en vigor, o compelida su ejecución por medio de

una acción ordinaria. De esto estamos convencidos. De otra suerte tendríamos que en el presente caso los miembros todos de la Policía Insular que han sido pensionados, tendrían cada uno de ellos una acción contra la Comisión demandada, lo que daría lugar a una multiplicidad de pleitos, cosa que la Ley repudia.

"Si como los demandantes alegan en su demanda, la Comisión tiene un fondo a su disposición para dedicarse al pago de las pensiones, y se niega a pagar a los demandantes las cantidades que les adeuda no obstante haber sido requerida para ello, no expone ni aduce razón o fundamento alguno para el no pago, tales alegaciones más bien nos demuestran la existencia de un deber a cumplir por parte de la demandada, y no la violación de un contrato cuyo cumplimiento pueda ser específicamente ordenado.

"La acción ordinaria no es la adecuada para compeler a un organismo o funcionario el ejercicio de un deber que la ley le impone ministerialmente, y si tal deber se contrae al pago de una pensión que indebidamente se retiene, no es la acción ordinaria el remedio adecuado. 43 C. J. 817; 38 C. J. 71. Véase también *Seshan* vs. *San Francisco Police Comr.*, 47 Cal. A. 29; 190 Pac. 51."

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.