MICAELA ESCARTÍN VIUDA DE QUIÑONES, demandante y apelante, v. JACKSON C. HITCHMAN, IGNACIO PEÑAGARÍCANO y MIGUEL SUCH, miembros de y que componen la COMISIÓN DE LA POLICÍA INSULAR, y MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandados y apelados.

No. 6056.—*Sometido:* Junio 21, 1933. *Resuelto:* Septiembre 29, 1934.

*C. Coll y Cuchí, Diego O. Marrero* y *Guillermo Silva,* abogados de la apelante; *Hon. Procurador General Benjamin J. Horton (Charles E. Winter* en el alegato) y *Emilio de Aldrey, Subprocurador,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Micaela Escartín viuda de Quiñones demandó a Jackson C. Hitchman, Ignacio T. Peñagarícano y Miguel Such, miembros que componen la Comisión de la Policía Insular, y a Manuel V. Domenech, Tesorero de Puerto Rico, en cobro de dinero. Alegó:

"" *   *   *   *   *   *   *

"SEGUNDO:—Que la demandante, de acuerdo con la ley titulada 'Ley para establecer el retiro de los miembros del cuerpo de la Policía Insular de Puerto Rico y fijar reglas a dicho efecto,' aprobada en 16 de julio de 1921, según fué enmendada por la Ley No. 86, aprobada en 20 de agosto de 1925, por la Ley No. 30, aprobada en 20 de abril de 1929, y por la Ley No. 44, aprobada en 28 de abril de 1930, fué pensionada por la Comisión de la Policía Insular; y el día 3 de mayo de 1931 tiene devengada y sin pagar la cantidad de $3,670.00.

"Tercero:—Que el día 3 de mayo fué aprobada la Ley No. 70 de ese año, cuya sección primera derogó la ley anterior por virtud de la cual fué pensionada la demandante en la forma anteriormente dicha.

"Cuarto:—Que a la aprobación de la dicha Ley No. 70 de 1931, la demandante había adquirido el derecho a ser pagada de acuerdo con la ley anterior, habiendo devengado la cantidad por concepto de pensiones que anteriormente se ha relacionado.

"Y alega la demandante que la demandante es una persona de una clase y que, según su mejor información y creencia, en las mismas condiciones que ella se encuentran, además, las siguientes personas.

(Cita ochenta y cinco a quienes se adeudan pensiones por valor de $75,883.86.)

"Y alega la demandante que entabla esta acción como tal persona de una clase para sí y para beneficio de los demás que se encuentran en las mismas condiciones que ella.

"Quinto:—Que los demandados alegando que la ley últimamente aprobada por la Asamblea Legislativa en 1931 a que se refiere el hecho cuarto de esta demanda privó a la demandante de su derecho a cobrar y que le fuere pagada la cantidad devengada, en la forma en que dicha demanda indica, se han negado a hacer efectiva la misma, a pesar de que dicha cantidad así devengada constituye derecho adquirido a favor de la demandante del cual no puede ser despojada en forma alguna.

"Y en virtud de lo expuesto la demandante a la Corte suplica que se sirva dictar una sentencia condenando a la Comisión de la Policía Insular a que ordene el pago de la cantidad de $3,670.00, relacionada en esta demanda a la demandante; y al Tesorero de Puerto Rico que proceda a hacer efectivo dicho pago."

Excepcionaron la demanda los demandados alegando que no aducía hechos suficientes para determinar una causa de acción. La excepción fué declarada con lugar. Pidió la propia demandante que se pusiera fin al litigio dictándose la correspondiente sentencia. Así se hizo y la demandante entonces interpuso el presente recurso de apelación.

El fundamento que tuvo la corte para desestimar la demanda fué el que sigue:

"Examinada la demanda a la luz de la jurisprudencia sentada por

nuestro Tribunal Supremo en el caso de *Ortiz* v. *Comisión de la Policía Insular,* 40 D.P.R. 166, la demanda en este caso no aduce hechos suficientes para constituir una causa de acción por haberse establecido una demanda en cobro de dinero cuando debió establecerse el correspondiente recurso para obligar a los demandados a cumplir el deber ministerial que se alega en la demanda tienen los demandados para con los demandantes."

Y en efecto en el caso citado, *Ortiz* v. *Comisión de la Policía Insular,* 40 D.P.R. 166, 169, se decidió:

"La tercera excepción fué bien resuelta por la corte de distrito. Nos limitaremos a citar su propio razonamiento con el cual estamos enteramente conformes. Es así:

" 'El tercer motivo de excepción se funda en la falta de hechos para determinar una causa de acción. El derecho de los demandantes arranca de la Ley No. 68 de 1921, tal como quedó enmendada por la Ley No. 86 de 1923 (leyes de 1925, página 663). Esta ley tiene por fin establecer el retiro de los miembros de la Policía Insular, y fijar ciertas reglas a dicho retiro. La alegación que hacen los demandantes de que ellos son miembros retirados del Cuerpo de la Policía Insular, no establece por sí sola un derecho de acción contra la Comisión demandada. El derecho de pensión no es un contrato entre el demandante y el Gobierno, cuyo cumplimiento pudiera exigirse por medio de una acción ordinaria; la pensión es una gratificación que se hace por el Gobierno en reconocimiento de servicios prestados por el funcionario, pero cuyo reconocimiento por el Gobierno no establece un derecho adquirido a favor del funcionario que pueda ser puesto en vigor, o compelida su ejecución por medio de una acción ordinaria. De esto estamos convencidos. De otra suerte tendríamos que en el presente caso los miembros todos de la Policía Insular que han sido pensionados tendrían cada uno de ellos una acción contra la Comisión demandada, lo que daría lugar a una multiplicidad de pleitos, cosa que la ley repudia.

" 'Si como los demandantes alegan en su demanda, la Comisión tiene un fondo a su disposición para dedicarse al pago de las pensiones, y se niega a pagar a los demandantes las cantidades que les adeuda no obstante haber sido requerida para ello, y no expone ni aduce razón o fundamento alguno para el no pago, tales alegaciones más bien nos demuestran la existencia de un deber a cumplir por parte de la demandada, y no la violación de un contrato cuyo cumplimiento pueda ser específicamente ordenado.

" 'La acción ordinaria no es la adecuada para compeler a un organismo o funcionario el ejercicio de un deber que la ley le impone ministerialmente, y si tal deber se contrae al pago de una pensión que indebidamente se retiene, no es la acción ordinaria el remedio adecuado. 43 C. J. 817; 38 C. J. 71. Véase también *Seshan* vs. *San Francisco Police Comr.*, 47 Cal. A. 29; 190 Pac. 51.' "

En su alegato sostiene la apelante que su caso es distinto al de Ortiz, supra, porque aquí se alega que de acuerdo con una ley de la Asamblea Legislativa, varias veces enmendada, y por virtud de actos específicos llevados a cabo dentro de esa ley por las partes en el pleito, la demandante ha adquirido el derecho a ser pagada de una determinada cantidad de dinero que los demandados se han negado a hacer efectiva, basándose en que la demandante no es dueña de tal crédito porque una ley posterior la privó de su derecho.

Y en un memorándum de autoridades que presentara el día de la vista del recurso, cita varias decisiones para sostener que las cantidades devengadas a favor de la demandante y apelante con anterioridad a la ley que invoca la Comisión que son las que se reclaman en la demanda constituyen un derecho adquirido por ella del cual no puede ser despojada en forma alguna.

La cuestión ha sido dilucidada en la nota al caso de *Gibbs* v. *Minneapolis Fire Dep.*, 125 Minn. 174, en Ann. Cas. 1915 C 751, como sigue:

"La regla indubitada es que una pensión concedida por las autoridades gubernamentales no es una obligación contractual, sino una concesión gratuita, en cuya continuación el pensionado no tiene un derecho adquirido; y que, por consiguiente, una pensión puede darse por terminada a voluntad del cedente."

(Se cita un gran número de casos de Inglaterra, Canadá, de las cortes federales de Estados Unidos y de las de sus estados de Alabama, California, Distrito de Columbia, Illinois, Iowa, Kentucky, Minnesota, New York, Carolina del Norte, Ohio, Tejas y Wisconsin.)

"Sin embargo, se admite que cuando bajo una pensión ha vencido determinado pago, el pensionado tiene un derecho adquirido

en el mismo. Pennie v. Reis, 132 U. S. 464; 10 S. Ct. 149, 33 U. S. (L. Ed.) 426; Dale v. Governor, 3 Stew. (Ala.) 387; Kavanagh v. Board of Police Pension Fund Com'rs., 134 Cal. 50, 66 Pac. 36; Mc-Farland v. Bieber, 32 App. Cas. (D.C.) 513; In re Smith, 130 N. C. 638; 41 S. E. 802. Véase también Smith v. Auditor General, 80 Mich. 205, 45 N. W. 136 (fondo para reenganches). Compárese el caso de Donnelly v. U. S., 17 Ct. Cl. 105.

"Las pensiones concedidas por una ley especial están igualmente sujetas al poder legislativo que las otorgadas por un estatuto general. Dale v. Governor, 3 Stew. (Ala.) 387. Se desprende que en dicho caso la legislatura, en reconocimiento de ciertos servicios prestados por el demandante, lo había hecho brigadier general y concedídole una renta vitalicia. La corte al interpretar una ley que derogaba aquella parte del estatuto que concedía al demandante una pensión, resolvió que éste no tenía un derecho adquirido en la renta vitalicia, hasta que la misma le fuere pagada; que el estatuto original fué legislación ordinaria, y que el cuerpo que lo redactó estaba enteramente autorizado para derogarlo en una sesión posterior; y que la ley derogatoria no era inconstitucional. En el caso de U. S. v. Teller, 107 U. S. 64, 2 S. Ct. 39, 27 U. S. (L. Ed.) 352, se llegó a una conclusión similar.

"En ocasiones, fondos de pensiones son sostenidos parcialmente mediante contribuciones compulsorias de los beneficiarios. Esto es generalmente cierto cuando los beneficiarios son policías o bomberos: y en tales casos el estatuto que crea el fondo generalmente autoriza al funcionario correspondiente para retener semanal o mensualmente determinado tanto por ciento de la paga del pensionado en perspectiva. Según el gran peso de las autoridades, el hecho de que un pensionado haya efectuado tal contribución obligatoria no le da un derecho adquirido en la pensión. Queen v. Metropolitan Police Dist., 4 B. & S. 593, 116 E. C. L. 593, 9 L. T. N. S. 375; Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 U. S. (L. Ed.) 426, confirmando 80 Cal. 266, 22 Pac. 176; Clarke v. Police, etc. Board, 123 Cal. 24, 55 Pac. 576; Nichols v. Board of Police Pension Fund Com'rs., 1 Cal. App. 494, 82 Pac. 557; Burke v. Board of Trustees of Police Relief, etc. Fund, 4 Cal. App. 235, 87 Pac. 421; Cohrn v. Henderson, 19 Cal. App. 89, 124 Pac. 1037; Eddy v. Morgan, 216 Ill. 437; 75 N. E. 174; Pecoy v. Chicago, 265 Ill. 78, 106 N. E. 435; Ryan v. Foreman, 181 Ill. App. 262; People v. Matsell, 94 N. Y. 179; State v. Board of Trustees of Policemen's Pension Fund, 121 Wis. 44, 98 N. W. 954. Compárese Hobson v. Hull, 4 El. & Bl. 986, 82

E. C. L. 986; Ball v. Board of Trustees of Teachers' Retirement Fund, 71 N. J. L. 64, 58 Atl. 111. En el caso de Pecoy v. Chicago, supra, la corte dijo: 'Las pensiones participan de la naturaleza de gratificaciones hechas por el gobierno, que tiene derecho a hacerlas, retenerlas, distribuirlas o reclamarlas a su discreción. . . . Esta regla no es modificada por la circunstancia de que el demandante en el recurso de error alegue haber contribuído con el uno por ciento de su sueldo para crear tal fondo; la supuesta contribución no fué realmente un pago hecho por él. Él aceptó que se le nombrara como policía a sabiendas de que se le descontaría el 1% mensualmente y que la suma así descontada iría al fondo de pensiones. Ese dinero nunca le fué pagado y la ciudad simplemente traspasó el 1% de su sueldo de un fondo a otro, y continuó reteniéndolo como un fondo especial para afrontar los desembolsos que tuviera que hacer bajo la ley de pensiones de la policía.' ''

Parece conveniente citar además el siguiente texto de ''Corpus Juris'' que comprende alguna jurisprudencia posterior a la existente cuando la nota que dejamos transcrita fué redactada:

''Si el derecho de un funcionario a participar en un fondo de pensiones creado por el estado depende de que ocurra determinado acontecimiento, su interés en dicho fondo es una mera esperanza, propensa a esfumarse en cualquier tiempo anterior a la fecha en que ocurra el referido acontecimiento, mediante acción de la legislatura derogando la ley que creó la pensión, o adoptando disposiciones nuevas y distintas para la distribución del fondo. Y el derecho de la legislatura para así revocar la pensión no es afectado por el hecho de que al funcionario se le descontó mensualmente determinada suma, toda vez que la misma, aunque en derecho se considere como parte de su remuneración, es de hecho una asignación mensual por parte del estado para la creación del fondo. Cuando efectivamente ocurre el acontecimiento que hace pagadera la pensión a un funcionario policíaco, según el criterio de algunas cortes, el derecho a la pensión se convierte en un derecho adquirido, mas otras cortes consideran la pensión para este fin meramente como un fondo que el Estado puede reclamar o retener en cualquier momento.'' 43 C. J. 818.

Si se examinan los términos en que está redactada la sentencia recurrida, se verá que la corte de distrito no decidió definitivamente o por lo menos no intentó decidir de-

finitivamente la cuestión suscitada. La corte expuso como el único fundamento de su resolución, citando el caso de Ortiz, supra, que la demanda no aducía hechos suficientes para constituir una causa de acción *por haberse establecido una demanda en cobro de dinero cuando debió establecerse el correspondiente recurso para obligar a los demandados a cumplir el deber ministerial que se alega que tienen para con la demandante, o sea el recurso de* mandamus.

Para sostener en el caso de Ortiz, supra, que la acción ordinaria no es la procedente, se hizo referencia a la jurisprudencia tal como consta resumida en 43 C. J. 817 y 38 C. J. 71.—debe ser 718. En efecto dicha jurisprudencia dice:

"Cuando una junta de pensiones de la policía erróneamente retiene una pensión, procede el recurso de *mandamus* para compelerla a cumplir con su deber." 43 C. J. 817.

"Participando una pensión de la naturaleza de una gratificación, no existe tal responsabilidad legal para su pago que pueda ser exigida en una acción en cobro de dinero; cuando el pago ha sido erróneamente descontinuado, el recurso a utilizarse es el de *mandamus*. De conformidad con las reglas generales ya expuestas, cuando el deber de un funcionario, junta o tribunal de pensiones es puramente ministerial, procede el recurso de *mandamus* para exigir el cumplimiento del mismo. Y cuando una junta de pensiones u otro tribunal competente aquilata y determina las solicitudes de pensión hechas por funcionarios municipales, como por ejemplo policías o bomberos, ésta o éste realizan no meramente un deber ministerial sino *quasi* judicial o cuando su decisión sobre tales solicitudes es final y concluyente, procede el recurso de *mandamus* para obligarles a actuar en relación con la solicitud. No obstante, no procede el *mandamus* para controlar el ejercicio de la discreción de que tal junta o tribunal están investidos, a menos que se demuestre que se ha abusado de la misma; y esto es así aunque en el ejercicio de esta discreción pueda estar envuelta la interpretación de un estatuto, por lo menos cuando la interpretación que se ha dado al estatuto relativo a pensiones sea lógica. En ningún caso será concedido el auto si no se demuestra que el peticionario claramente tenía derecho a la pensión. Sin embargo, procede el recurso de *mandamus* cuando la junta de pensiones ha actuado arbitrariamente y en exceso de sus facultades." 38 C. J. 718.

No obstante, en el propio texto de 43 C. J. 817 se agrega: "Si bien una persona con derecho a una pensión puede no estar limitada al procedimiento de *mandamus*, sino que puede establecer su reclamación mediante una acción de acuerdo con el derecho común, se ha negado la facultad de demandar de conformidad con el derecho común; y cuando la junta de comisionados de la policía está investida de autoridad para determinar los derechos de una persona que solicita una pensión, una corte no tiene jurisdicción para anticipar o eludir la decisión de los comisionados," estando la primera parte del texto transcrito, o sea la de que una persona con derecho a una pensión no está circunscrita al recurso de *mandamus*, sostenida por el caso de *Hayes* v. *Hoboken*, 93 N. J. L. 432, 108 Atl. 868, 869, de la Corte de Errores y Apelaciones de Nueva Jersey, en los siguientes términos:

"Luego se dice que la demandante no tenía derecho a exigir su reclamación mediante una acción del derecho común, sino que estaba limitada al procedimiento de *mandamus*. Esta contención no parece tener fundamento alguno. Ella puede proceder mediante el recurso de *mandamus*, mas no está obligada a apelar al mismo. Si se ha solicitado un *mandamus* y la corte discrecionalmente se ha negado a expedir el auto, entonces es claro que la demandante podía aún valerse del remedio concedídole por el derecho común. Clarke v. Earle, 42 N. J. Law, 94, 97. Ella puede verse obligada a exigir el cumplimiento de su sentencia a virtud del recurso de *mandamus*, pero tal procedimiento no afecta su derecho a obtener un juicio por jurado. Además, no creemos que esa cuestión pueda suscitarse ahora. No se planteó cuestión alguna de jurisdicción. La demandada creyó prudente que el caso se viera en sus méritos y no debe permitírsele ahora que suscite esa cuestión."

Y la segunda por el caso de *State, ex rel.,* v. *Holmes* 5 Oh. App. 1, 8, en el que en el curso de la opinión se dijo:

"Se alega que Delaney equivocó su remedio y de que tiene un remedio adecuado en ley en una acción contra la ciudad para recobrar el montante de sus pensiones retenidas. Creemos que siendo la pensión una dádiva no hay responsabilidad legal cuyo cumplimiento pudiera exigirse en una acción legal para recobrar, bien sea daños por

incumplimiento de contrato o por cantidades adeudadas. Su remedio es un *mandamus* y es esta corte donde debe recurrir. State, *ex rel.* Rothgery, v. Trustees of Firemen's Pension Fund, 20 C.C., N.S., 13; Karb et al. v. State, ex rel., 54 Ohio St., 383; State, ex rel, Holtz, v. Com'rs. of Henry County, 41 Ohio St. 423; State, ex rel Weiss, v. Keefer et al., 3 Ohio App., 426.''

Después de una cuidadosa consideración del asunto, creemos que debe revocarse la sentencia recurrida. Nos parece justo el criterio de la Corte de Apelaciones de Nueva Jersey. El *mandamus* es un recurso privilegiado. Pudo ejercitarlo la parte demandante y hubiera obtenido una más rápida y directa decisión de su caso. No lo hizo. Prefirió acogerse a la acción ordinaria más amplia y dilatada, pero ello no debe ser obstáculo para que la cuestión sea resuelta por la corte de acuerdo con sus méritos. Todo cuanto en contrario se diga en el caso de Ortiz, supra, debe entenderse derogado.

Nada prejuzgamos con respecto al derecho de las partes. Lo que decidimos es que el pleito debe seguir adelante, concediéndose a los demandados un término razonable para establecer la defensa o defensas de que puedan estar asistidos.

El Juez Asociado Señor Aldrey no intervino.