FRANCISCA TORRES ET AL., Plaintiffs and Appellants, v. ESTATE OF ETANISLAO VARGAS HERNÁNDEZ ETC., Defendants and Appellees.

No. 7366. Argued December 14, 1937.—Decided January 13, 1938.

*José M. Valentín Esteves* for appellants. *Enrique Báez García* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Etanislao Vargas Hernández left at his death a will in which he designated as his sole and universal heirs, the defendants, his acknowledged natural children, and in which he provided that there should be paid to the plaintiffs, in cash, the following legacies:

To Francisca Torres, $500; to Monserrate García, $800; to Margarita Rodríguez Planel, $1,000; and to Guillermo Vincenty, $1,000.

Plaintiffs aver that the defendants have seized all the property, real, personal, or mixed, of which the testator was possessed at the date of his death, and that they have refused to pay to the plaintiffs their respective legacies.

The defendants demurred to the complaint on the ground that there had been an improper joinder of parties plaintiff. The district court sustained the demurrer, and, upon petition of the plaintiffs, entered final judgment. Plaintiffs have appealed, assigning as a ground for the appeal that the court below erred in holding that the plaintiffs are not persons united in interest in the action which they brought and in sustained the demurrer.

We are in agreement with the court below that there is an improper joinder of parties plaintiff.

The Code of Civil Procedure provides:

"Section 62.—All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this Code.

" .     .     .     .     .     .     .     .     .     .

"Section 66.—Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; . . . . "

There is not, in our opinion, either the *interest in the subject of the action* or the *union in interest* which the above

quoted Sections lay down as indispensable prerequisites in order that two parties may or must join as plaintiffs in the same action. The subject of the action in this case is different for each of the plaintiffs. Each of them is interested in obtaining the payment of the specific sum bequeathed to him by the testator, but he has no interest whatsoever in the payment of the sums bequeathed to each of the other three plaintiffs. That unity in interest does not exist which would entitle one or more of the plaintiffs to make defendant any other legatee who should refuse to join as plaintiff. Could he, for example, compel a legatee who had neither interest in nor desire to obtain his legacy, to join as plaintiff under penalty of being made defendant if he refused his consent? Certainly not, since that legatee could not in any way be deemed a necessary party for the proper adjudication of the controversy between the other legatees and the universal heirs. The case would be different if the claim were to a specific property bequeathed by the testator to various persons, even though the participation of each in the legacy should be different in amount and extent.

In the case of *Ortiz et al.* v. *Insular Police Commission*, 40 P.R.R. 157, 159, in which several policemen joined as plaintiffs to sue for the payment of their respective pensions, this court held that such joinder of parties plaintiff was not permissible, stating:

"There is no doubt that all the plaintiffs have the same interest, namely, to be paid by the commission. However, the same thing might be said of the several creditors of a single debtor, whatever the origin of their respective credits; yet, the legislators can not have intended to join such creditors. The common interest must exist in the thing claimed. It must be a single cause of action although, of course, several claims might be derived therefrom. In the present case each plaintiff has his individual claim. It is true that all are of the same nature, but each of them must be considered by itself, within its own circumstances, and must be determined on its own merits."

When the legal interests of the plaintiffs are separable, there is no single cause of action; and lacking a community of interest, the principal ground for joinder of parties plaintiff in the same action fails. 1 Sutherland "Code Pleading, Practice & Forms," p. 18; 47 C. J. 57; *Dyas* v. *Ding-Grave,* 15 La. Ann. 502, 77 Am. Dec. 196.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.