FRANCISCA TORRES, MONSERRATE GARCÍA, MARGARITA RODRÍGUEZ y GUILLERMO VINCENTY, demandantes y apelantes, *v.* SUCN. DEL FINADO ETANISLAO VARGAS HERNÁNDEZ, o sean sus herederos testamentarios JUAN y CONCEPCIÓN VARGAS, demandados y apelados.

Núm. 7366.—*Sometido:* Diciembre 14, 1937. *Resuelto:* Enero 13, 1938.

*José M. Valentín Esteves,* abogado de los apelantes; *Enrique Báez García,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Etanislao Vargas Hernández, dejó a su fallecimiento un testamento por el que instituyó por sus únicos y universales herederos a los dos demandados, quienes eran sus hijos naturales reconocidos, y dispuso que se pagase a los aquí demandantes, en metálico, los siguientes legados:

A Francisca Torres, $500; a Monserrate García, $800; a Margarita Rodríguez Planel, $1,000; y a Guillermo Vincenty, $1,000.

Alegan los demandantes que los demandados se han incautado de todos los bienes inmuebles, muebles y semovientes que poseía el testador a la fecha de su muerte y que se han negado a pagar a los demandantes sus respectivos legados.

Los demandados excepcionaron la demanda por el fundamento de haberse acumulado en ella varios demandantes. La corte de distrito declaró con lugar la excepción y a petición de los demandantes dictó sentencia definitiva. Los demandantes han apelado, alegando como base del recurso que la corte inferior erró al resolver que los demandantes no son partícipes unidos por un interés común en la acción ejercitada y al declarar con lugar la excepción previa.

Convenimos con la corte inferior en que existe una indebida acumulación de partes demandantes.

El Código de Enjuiciamiento Civil dispone:

"Artículo 62.—Todas las personas que tuvieren interés en el asunto objeto de la acción y en obtener lo pedido en la demanda, podrán asociarse como demandantes, excepto cuando se dispusiere otra cosa por este Código.

".     .     .     .     .     .     .     .     .

"Artículo 66.—Los partícipes en una acción que estuvieren unidos por interés común deberán asociarse como demandantes o demandados; pero si no pudiera obtenerse el consentimiento de alguno que debió haberse asociado como demandante, podrá éste ser demandado, consignándose el motivo en la demanda; . . . ."

No existe, a nuestro juicio, ni el *interés en el asunto objeto de la acción,* ni el *interés común* que los citados artículos fijan como requisitos indispensables para que dos o más personas puedan o deban asociarse como demandantes en una misma demanda. El objeto de la acción en el presente caso es distinto para cada uno de los demandantes. Cada uno de ellos tiene interés en reclamar el pago de la cantidad especí-

fica que le fué legada por el testador, pero no tiene interés alguno en el pago de las cantidades legadas a cada uno de los otros tres demandantes. No existe aquella comunidad de interés que daría derecho a uno o más de los legatarios demandantes a hacer parte demandada a cualquier otro legatario que se negara a asociarse a ellos como demandante. ¿Podría, por ejemplo, obligarse a un legatario que no tuviera ni el interés ni el deseo de reclamar su legado, a asociarse como demandante, bajo pena de ser demandado si negare su consentimiento? Seguramente que no, pues ese legatario no podría en manera alguna ser considerado como parte necesaria para la debida adjudicación de la controversia entre los demás legatarios y los herederos universales. El caso sería distinto si lo reclamado fuese una propiedad específica dejada por el testador a varias personas, aun cuando la participación de cada una en la cosa legada fuese distinta en cantidad y en extensión.

En el caso de *Ortiz* v. *La Comisión de la Policía Insular,* 40 D.P.R. 166, en el que varios policías se asociaron como demandantes para reclamar el pago de sus respectivas pensiones, esta corte sostuvo que tal acumulación de partes demandantes no era permisible, diciendo:

"No hay duda alguna que todos los demandantes tienen el mismo interés, a saber: que la comisión les pague. Sin embargo, igual podría decirse de varios acreedores de un solo deudor cualquiera que fuere la fuente de sus respectivos créditos. Y asociar tales acreedores, no puede en manera alguna ser el propósito del legislador. El interés común debe existir en la cosa reclamada. Debe ser una la reclamación, aunque puedan, desde luego, derivarse varias de ella. Aquí cada demandante tiene un caso especial. Todos son de la misma naturaleza, es cierto, pero cada uno hay que considerarlo en sí mismo, por sus propias circunstancias, y resolverlo por sus peculiares méritos."

Cuando los intereses legales de los demandantes son separables, la causa de acción no es única; y faltando la comunidad de interés, falta el fundamento principal para la

asociación de partes demandantes en una misma demanda. 1 Sutherland "Code Pleading, Practice & Forms", pág. 18; 47 C. J. 57; *Dyas* v. *Ding-Grave,* 15 La. Ann. 502, 77 Am. Dec. 196.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.